IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAUL A. HENDRICKS (DECEASED), through Margaret Hendricks, Surviving Spouse, | No.  02:14-cv-00439-SU |
| Plaintiff, | ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant | |

HERNANDEZ, District Judge:

Magistrate Judge Sullivan issued an Amended Findings & Recommendation (#15) on May 6, 2015, in which she recommends the Court reverse the Commissioner's decision and remand for the payment of benefits. Defendant has timely filed objections to the Amended Findings & Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings &

1 - ORDER

Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Defendant's objections and conclude there is no basis to modify the portion of the Findings & Recommendation in which Judge Sullivan concludes that the ALJ erred by rejecting Dr. Tiger's opinion. I also adopt the portion of her Findings & Recommendation regarding Dr. Teklu's September 2012 opinion. Thus, I adopt the portion of the Findings & Recommendation which recommends that remand is required.

However, I do not adopt her recommendation that the case be remanded for the payment of benefits. Judge Sullivan concluded that although the record contained evidence of the claimant's alcohol use, remand for the payment of benefits was nonetheless justified because the ALJ did not find alcohol abuse material to the claimant's disability. Am. F&R at 18. But, as Defendant argues in its objections, the ALJ was not required to engage in the materiality analysis because the ALJ concluded, at the end of the five-step sequential disability analysis, that the claimant was not disabled. Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001) (ALJ evaluates materiality of drug or alcohol use only if the ALJ finds the claimant disabled under the five-step inquiry). Given Dr. Tiger's opinion and the testimony by the vocational expert, the claimant is considered disabled. Contrary to Judge Sullivan's conclusion, that is the starting point for the ALJ to conduct the materiality analysis. Thus, there are outstanding issues remaining and remand for the payment of benefits is inappropriate. Finally, I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Sullivan's Findings & Recommendation [15], and therefore, the Commissioner's decision is reversed and the case is remanded for additional proceedings.

IT IS SO ORDERED.

DATED this 24 day of June, 2015.

_____
MARCO A. HERNANDEZ
United States District Judge